UNITED STATES of America, Appellee,

v.

Antoinette HODGSON, aka Dina, Defendant,

Joseph DiFalco, Petitioner–Appellant.

No. 12–3711–cr.

United States Court of Appeals, Second Circuit.

Sept. 25, 2013.

David I. Miller, Justin Anderson, Assistant United States Attorneys, of Counsel, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY., for Appellee.

Michael H. Zhu, Law Office of Michael H. Zhu, Esq. P.c., New York, NY., for Petitioner–Appellant.

PRESENT: RALPH K. WINTER, WALKER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Joseph DiFalco appeals from an order of the district court denying his motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the final forfeiture orders in a criminal case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review the denial of Rule 60(b) relief for abuse of discretion. *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 187 (2d Cir.2006). Rule 60(b) motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001).

We are persuaded that no abuse of discretion occurred here. First, the district court correctly found that DiFalco lacked standing to challenge the timeliness of claims made by other third parties under 21 U.S.C. § 853(n). Second, the decision to hold an ancillary hearing pursuant to § 853(n) is at the court's discretion. *See Pacheco v. Serendensky,* 393 F.3d 348, 351 (2d Cir.2004). We find the court did not abuse this discretion in declining to hold such a hearing where the government did not contest the validity of DiFalco's claim. Where, as here, the movant fails to make even a colorable claim for Rule 60(b) relief, the district court is not required to consider evidence offered in support of that motion. *See Rothenberg v. Kamen,* 735 F.2d 753, 754 (2d Cir.1984) (per curiam). Finally, we find DiFalco's remaining arguments that he was mistaken and misled about the terms of the settlement stipulation, and thus should not be held to the agreement, are without merit. *See Hatalmud v. Spellings,* 505 F.3d 139, 146–47 (2d Cir.2007).

Accordingly, we **AFFIRM** the order of the district court.